IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TERRENCE KRUITHOFF, | |
| Plaintiff, | Case No. 1:17-cv-00536 |
| -v- | Hon. |
| CREDENCE RESOURCE MANAGEMENT, LLC. | Jury Trial Demanded |
| Defendant | |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff Terrence Kruithoff (hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by Defendant Credence Resource Management, LLC. (hereafter "Defendant"). Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

## II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

## III. PARTIES

4. Plaintiff is a natural person residing in Ottawa County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

5. Defendant is a Nevada Limited Liability Company. The registered agent for Credence Resource Management, LLC is CSC – Lawyers Incorporating Service (Company) with registered office Address located at 601 Abbott Road, East Lansing MI 48823.

6. Defendant uses interstate commerce and the mail in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA.

8. Defendant is a "Regulated Person" as that term is defined and used in the MOC.

9. Defendant licensed by the State of Michigan to collect consumer debts in Michigan (License 2401002707). Defendant is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

## IV. STATEMENT OF FACTS

10. Plaintiff incurred a debt for medical services with American Medical Response for an ambulance ride or emergency services, any resulting obligation was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA and MOC.

11. The aforementioned creditor claims that Plaintiff has failed to pay his debts and that his account is delinquent.

12. Plaintiff disputes the amount of the alleged debt.

13. Plaintiff refuses to pay the alleged debt

14. At some point American Medical Response placed Plaintiff's account with Defendant for collection.

15. On January 4, 2017, Plaintiff sent a collection letter ("the Letter") to Plaintiff. A copy of the collection letter is attached as Exhibit A.

16. The lawsuit sought to collect a total of $207.70 from Plaintiff. This was broken down as being $200.00 in principal, and $7.70 in interest.

17. Plaintiff had no contract with American Medical Response.

18. Plaintiff had no agreement with American Medical Response to pay interest.

19. The Letter was created by Defendant and is the first time that interest was requested of him.

20. American Medical Response never requested interest from Plaintiff.

21. American Medical Response did not ask Defendant to collect interest on the debt.

22. Defendant decided to add interest charges of its own volition.

23. Defendant's choice to add interest charges to Plaintiff's account was not a clerical error.

24. Defendant's choice to add interest charges to Plaintiff's account was not a mistake.

25. Defendant's corporate policy and procedures are structured to charge individuals an amount greater than what is actually owed for its financial benefit.

26. Since January of 2015 Defendant has had sixteen (16) complaints classified under "Attempted to collect wrong amount" filed against it with the Consumer Financial Protection Bureau. (Attached as Exhibit B).

27. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court sixty-six (66) times in the last two (2) years. (Attached as Exhibit C).

28. In the last three (3) years, Defendant has had 157 complaints reported to the Better Business Bureau (BBB), of which 131 of those complaints are classified as being related to "Billing/Collection Issues" (Attached as Exhibit D).

29. Defendant's actions were knowing and willful.

30. Defendant violated the FDCPA with respect to Plaintiff.

31. Defendant violated the MOC with respect to Plaintiff.

### Count I – 15 U.S.C. §1692e(2) -- Unlawful Collection of Interest

32. Plaintiff adopts by reference paragraphs 1-31 above as if fully set forth herein.

33. Plaintiff did not agree to pay interest, and there is no contract between Plaintiff and American Medical Response which allows them to charge interest.

34. Defendant's assertion that Plaintiff owed interest was a false representation made in connection with the collection of a debt.

35. The addition of interest by the Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2). *See* Kojetin v. CU Recovery , Inc. , 212 F.3d 1318 (8th Cir 2000).

### Count 2 -- MCL §339.915(e) – Unlawful Collection of Interest

36. Plaintiff adopts by reference paragraphs 1-35 above as if fully set forth herein.

37. Plaintiff did not agree to pay interest, and there is no contract between Plaintiff and American Medical Response which allows them to charge interest.

38. Defendant's assertion that Plaintiff owed interest was an inaccurate, misleading, untrue, and/or deceptive statement or claim in a communication to collect a debt in violation of MCL 339.915(e).

### Count 3 – MCL 339.915(q) – Failure to Implement Reasonable Procedures

39. Plaintiff adopts by reference paragraphs 1-38 above as if fully set forth herein.

40. Pursuant to MCL 339.915(q) a licensee must implement a procedure designed to prevent a violation of the MOC by an employee.

41. Defendant failed to implement a procedure designed to prevent an employee from charging interest it was not entitled to in violation of the MOC.

42. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be established by jury at trial including but not limited to financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering, for which he should be compensated in an amount to be established by jury at trial.

### V. TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

### IV. CLAIMS FOR RELIEF

44. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e by using false or misleading representations in an attempt to collect a debt.

    b. Defendant violated 15 U.S.C. §1692i by using unfair practices in an attempt to collect a debt.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Statutory damages pursuant to 15 U.S.C. §1692i;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

e) Such further relief as the court deems just and equitable.

### Count II -- Michigan Occupational Code

45. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

    a. Communicating with a debtor in a misleading or deceptive manner (MCL § 339.915(a));

    b. Failing to implement a procedure designed to prevent a violation by an employee (MCL § 339.915(q)).

**Wherefore**, Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. §339.916(2);

b) Treble the actual damages pursuant to M.C.L. §339.916(2);

    c)  Statutory damages pursuant to M.C.L. §339.916(2);

    d)  Reasonable attorney's fees and costs pursuant to M.C.L. §339.916(2); and

    e)  Equitable relief pursuant to M.C.L. §339.916(2).

| Dated: 6/14/2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|